1  KILPATRICK TOWNSEND & STOCKTON LLP
   GREGORY S. GILCHRIST (SBN 111536)
2  GIA L. CINCONE (SBN 141668)
   Two Embarcadero Center, 8th Floor
3  San Francisco, California  94111
   Telephone:  (415) 576-0200
4  Facsimile:  (415) 576-0300
   Email:  ggilchrist@kilpatricktownsend.com, gcincone@kilpatricktownsend.com
5
   Attorneys for Plaintiff
6  LEVI STRAUSS & CO.

7

8                     UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 LEVI STRAUSS & CO.,                    Case No. C 13-04184 JSC

12            Plaintiff,                  **COMPLAINT FOR TRADEMARK
                                          INFRINGEMENT, UNFAIR
13       v.                               COMPETITION, AND DILUTION
                                          (INJUNCTIVE RELIEF SOUGHT)**
14 STUSSY, INC.,
                                          **JURY TRIAL DEMAND**
15            Defendant.

16

17       Plaintiff Levi Strauss & Co. ("Levi Strauss") complains against defendant Stussy, Inc.

18 ("Stussy") as follows:

19            **JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

20       1.       Plaintiff Levi Strauss & Co.'s first, second and third claims arise under the Trademark

21 Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15

22 U.S.C. §§ 1051, et seq.).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§

23 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15

24 U.S.C. § 1121 (Lanham Act).  This Court has supplemental jurisdiction over the remaining state law

25 claims under 28 U.S.C. § 1367.

26       2.       Levi Strauss is informed and believes that venue is proper in this Court under 28

27 U.S.C. § 1391(b) because Stussy transacts affairs in this district and because a substantial part of the

28 events giving rise to the claims asserted arose in this district.

3.      Intra-district assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

## PARTIES

4.      Levi Strauss & Co. is a Delaware corporation with its principal place of business at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111.  Operating since approximately the 1850's, Levi Strauss is one of the oldest and best known apparel companies in the world.  It manufactures, markets and sells a variety of apparel, including its traditional LEVI'S® brand products.

5.      Levi Strauss is informed and believes that defendant Stussy, Inc. is a California corporation with its principal place of business at 17426 Daimler Street, Irvine, California 92614.  Levi Strauss is informed and believes that Stussy manufactures, distributes and/or sells, or has manufactured, distributed and/or sold, a line of clothing, including jeans and pants, under the brand name STUSSY which is offered for sale and sold throughout the United States, including in this judicial district.  Levi Strauss is further informed and believes that Stussy has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

**Levi Strauss's Two Horse Design Trademark**

6.      Levi Strauss marks its LEVI'S® brand products with a set of trademarks that are famous around the world.  For many years prior to the events giving rise to this Complaint and continuing to the present, Levi Strauss annually has spent great amounts of time, money, and effort advertising and promoting the products on which its trademarks are used and has sold many millions of these products all over the world, including throughout the United States and in California.  Through this investment and large sales, Levi Strauss has created considerable goodwill and a reputation for quality products.  Levi Strauss continuously has used these trademarks, some for well over a century, to distinguish its products.

7.      Most of Levi Strauss's trademarks are federally registered; all are in full force and effect, valid and protectable, and exclusively owned by Levi Strauss.  Levi Strauss continuously has used each of its trademarks, from the registration date or earlier, until the present and during all time

1  periods relevant to Levi Strauss's claims.

2        8.     In particular, Levi Strauss is the owner of the Two Horse Design Trademark, which

3  consists of a representation of two horses attached to opposite sides of a pair of trousers or overalls.

4  Levi Strauss first used the Two Horse Design Trademark in 1886 to identify genuine LEVI'S®

5  products.

6        9.     Levi Strauss owns, among others, the following United States Registrations for its Two

7  Horse Design Trademark, attached as Exhibit A.  These registrations have become incontestable under

8  the provisions of 15 U.S.C. § 1065.

9             a.     Registration No. 1,095,986 (first used as early as September 30, 1973;

10                    registered July 11, 1978);

11             b.     Registration No. 1,030,033 (first used as early as July 15, 1970; registered

12                    January 13, 1976);

13             c.     Registration No. 1,140,853 (first used as early as January 1, 1886; registered

14                    October 28, 1980).

15        10.     Levi Strauss also owns the following California Registration for its Two Horse Design

16  Trademark, attached as Exhibit B.

17             a.     Registration No. 1704 (first used as early as 1886; registered November 8,

18                    1969).

19        11.     The Two Horse Design Trademark is valid and protectable, and exclusively owned by

20  Levi Strauss.  The Two Horse Design Trademark is famous and is recognized around the world and

21  throughout the United States by consumers as signifying authentic, high quality LEVI'S® products.

22  The Two Horse Design Trademark became famous prior to Stussy's conduct that is the subject of this

23  Complaint.

24        12.     Examples of Levi Strauss's use of its Two Horse Design Trademark on LEVI'S®

25  products are attached as Exhibit C.

26  **Stussy's Infringement of Levi Strauss's Two Horse Design Trademark**

27        13.     Beginning at some time in the past and continuing until the present, Stussy has

28  manufactured, promoted and sold garments that infringe and dilute Levi Strauss's Two Horse Design

1    Trademark.

2        14.    In particular, Levi Strauss is informed and believes that Stussy has manufactured,

3    sourced, marketed and/or sold substantial quantities of jeans and pants bearing patches that display a

4    design (hereinafter the "Stussy Design") that is highly similar to Levi Strauss's Two Horse Design

5    Trademark and is likely to confuse consumers about the source of Stussy's products and/or a

6    relationship between Stussy and Levi Strauss.  Patches bearing the Stussy Design include, without

7    limitation, the patches shown in Exhibit D.

8        15.    Stussy has also used the Stussy Design on at least one shirt, as shown in Exhibit E.

9        16.    Levi Strauss is informed and believes that Stussy has manufactured, marketed and sold

10   substantial quantities of products bearing the Stussy Design, and has obtained and continues to obtain

11   substantial profits from these sales.

12       17.    Stussy's actions have caused and will cause Levi Strauss irreparable harm for which

13   money damages and other remedies are inadequate.  Unless Stussy is restrained by this Court, it will

14   continue and/or expand its illegal activities and otherwise continue to cause great and irreparable

15   damage and injury to Levi Strauss by, among other things:

16           a.    Depriving Levi Strauss of its statutory rights to use and control use of its

17               trademark;

18           b.    Creating a likelihood of confusion, mistake and deception among consumers

19               and the trade as to the source of the infringing products;

20           c.    Causing the public falsely to associate Levi Strauss with Stussy and/or its

21               products, or vice versa;

22           d.    Causing incalculable and irreparable damage to Levi Strauss's goodwill and

23               diluting the capacity of its Two Horse Design Trademark to differentiate

24               LEVI'S® products from others; and

25           e.    Causing Levi Strauss to lose sales of its genuine clothing products.

26       18.    Accordingly, in addition to other relief sought, Levi Strauss is entitled to injunctive

27   relief against Stussy, its affiliates, licensees, subsidiaries and all persons acting in concert with it.

28

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

19.     Levi Strauss realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 18 of this Complaint.

20.     Without Levi Strauss's consent, Stussy has used, in connection with the sale, offering for sale, distribution or advertising of its products, designs that infringe upon Levi Strauss's registered Two Horse Design Trademark.

21.     These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

22.     As a direct and proximate result of Stussy's infringing activities, Levi Strauss is entitled to recover Stussy's unlawful profits and Levi Strauss's substantial damages under 15 U.S.C. 1117(a).

23.     Stussy's infringement of Levi Strauss's Two Horse Design Trademark is an exceptional case and was intentional, entitling Levi Strauss to treble the amount of its damages and Stussy's profits, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a).

24.     Levi Strauss is entitled to injunctive relief pursuant to 15 U.S.C. 1116(a).

**SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

25.     Levi Strauss realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 24 of this Complaint.

26.     Stussy's use of the Stussy Design tends falsely to describe its products within the meaning of 15 U.S.C. § 1125(a)(1). Stussy's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of Stussy's products to the detriment of Levi Strauss and in violation of 15 U.S.C. § 1125(a)(1).

27.     As a direct and proximate result of Stussy's infringing activities, Levi Strauss is entitled to recover Stussy's unlawful profits and Levi Strauss's substantial damages under 15 U.S.C. §

1117(a).

28.     Stussy's infringement of Levi Strauss's Two Horse Design Trademark is an exceptional case and was intentional, entitling Levi Strauss to treble the amount of its damages and Stussy's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

29.     Levi Strauss is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

### THIRD CLAIM
### FEDERAL DILUTION OF FAMOUS MARK
**(Trademark Dilution Revision Act of 2006)**
**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

30.     Levi Strauss realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 29 of this Complaint.

31.     Levi Strauss's Two Horse Design Trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

32.     Stussy's conduct is likely to cause dilution of Levi Strauss's Two Horse Design Trademark by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

33.     Levi Strauss is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

### FOURTH CLAIM
### CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION
**(Cal. Bus. & Prof. Code §§ 14245, 14247, 14250)**

34.     Levi Strauss realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 33 of this Complaint.

35.     Stussy's infringement of Levi Strauss's Two Horse Design Trademark is likely to cause consumer confusion and dilution of Levi Strauss's mark in violation of California Business & Professions Code Sections 14245 and 14247.

36.     Stussy infringed and diluted Levi Strauss's Two Horse Design Trademark with knowledge and intent to cause confusion, mistake or deception.

37.     Stussy's conduct is aggravated by that kind of willfulness, wantonness, malice and conscious indifference to the rights and welfare of Levi Strauss for which California law allows the

1    imposition of exemplary damages.

2        38.     Pursuant to California Business & Professions Code §§ 14247 and 14250, Levi Strauss

3    is entitled to injunctive relief and damages in the amount of three times Stussy's profits and three

4    times all damages suffered by Levi Strauss by reason of Stussy's manufacture, use, display or sale of

5    infringing goods.

6                                    **FIFTH CLAIM**
                       **CALIFORNIA UNFAIR COMPETITION**
7                       **(Cal. Bus. & Prof. Code § 17200)**

8        39.     Levi Strauss realleges and incorporates by reference each of the allegations contained

9    in paragraphs 1 through 38 of this Complaint.

10       40.     Stussy's conduct as alleged in this Complaint constitutes "unlawful, unfair or

11   fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within

12   the meaning of California Business & Professions Code Section 17200.

13       41.     As a consequence of Stussy's actions, Levi Strauss is entitled to injunctive relief

14   preventing the conduct alleged in this Complaint.

15                              **PRAYER FOR JUDGMENT**

16       WHEREFORE, Levi Strauss prays that this Court grant it the following relief:

17       42.     Adjudge that Levi Strauss's Two Horse Design Trademark has been infringed by

18   Stussy in violation of Levi Strauss's rights under common law, 15 U.S.C. § 1114, and/or California

19   law;

20       43.     Adjudge that Stussy has competed unfairly with Levi Strauss in violation of Levi

21   Strauss's rights under common law, 15 U.S.C. § 1125(a), and/or California law;

22       44.     Adjudge that Stussy's activities are likely to dilute Levi Strauss's famous Two Horse

23   Design Trademark in violation of Levi Strauss's rights under common law, 15 U.S.C. § 1125(c),

24   and/or California law;

25       45.     Adjudge that Stussy and its agents, employees, attorneys, successors, assigns, affiliates,

26   and joint venturers and any person(s) in active concert or participation with it, and/or any person(s)

27   acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this

28   action and thereafter permanently from:

1               a.        Manufacturing, producing, sourcing, importing, selling, offering for sale,

2  distributing, advertising, or promoting any goods that display any words or symbols that so resemble

3  Levi Strauss's Two Horse Design Trademark as to be likely to cause confusion, mistake or deception,

4  on or in connection with any product that is not authorized by or for Levi Strauss, including without

5  limitation any product that bears the design which is the subject of this Complaint and for which

6  Stussy is responsible, or any other approximation of Levi Strauss's trademark;

7               b.        Using any word, term, name, symbol, device or combination thereof that causes

8  or is likely to cause confusion, mistake or deception as to the affiliation or association of Stussy or its

9  products with Levi Strauss or as to the origin of Stussy's goods, or any false designation of origin,

10  false or misleading description or representation of fact, or any false or misleading advertising;

11              c.       Further infringing the rights of Levi Strauss in and to any of its trademarks in its

12  LEVI'S® brand products or otherwise damaging Levi Strauss's goodwill or business reputation;

13              d.       Further diluting the famous Two Horse Design Trademark;

14              e.       Otherwise competing unfairly with Levi Strauss in any manner; and

15              f.        Continuing to perform in any manner whatsoever any of the other acts

16  complained of in this Complaint;

17      46.     Adjudge that Stussy be required immediately to supply Levi Strauss's counsel with a

18  complete list of individuals and entities from whom or which it purchased, and to whom or which it

19  sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in this

20  Complaint;

21      47.     Adjudge that Stussy be required immediately to deliver to Levi Strauss's counsel its

22  entire inventory of infringing products, including without limitation pants and any other clothing,

23  packaging, labeling, advertising and promotional material and all plates, patterns, molds, matrices and

24  other material for producing or printing such items, that are in its possession or subject to its control

25  and that infringe Levi Strauss's trademarks as alleged in this Complaint;

26      48.     Adjudge that Stussy, within thirty (30) days after service of the judgment demanded

27  herein, be required to file with this Court and serve upon Levi Strauss's counsel a written report under

28  oath setting forth in detail the manner in which it has complied with the judgment;

49.     Adjudge that Levi Strauss recover from Stussy its damages and lost profits, and Stussy's profits, in an amount to be proven at trial, as well as punitive damages under California law;

50.     Adjudge that Stussy be required to account for any profits that are attributable to its illegal acts, and that Levi Strauss be awarded (1) Stussy's profits and (2) all damages sustained by Levi Strauss, under 15 U.S.C. § 1117, plus prejudgment interest;

51.     Adjudge that the amounts awarded to Levi Strauss pursuant to 15 U.S.C. § 1117 shall be trebled;

52.     Order an accounting of and impose a constructive trust on all of Stussy's funds and assets that arise out of its infringing activities;

53.     Adjudge that Levi Strauss be awarded its costs and disbursements incurred in connection with this action, including Levi Strauss's reasonable attorneys' fees and investigative expenses; and

54.     Adjudge that all such other relief be awarded to Levi Strauss as this Court deems just and proper.

DATED: June 30, 2014                          Respectfully submitted,

                                    By:     /s/ Gia L. Cincone
                                            Gia Cincone
                                            KILPATRICK TOWNSEND & STOCKTON LLP
                                            Two Embarcadero Center, Eighth Floor
                                            San Francisco, California  94111
                                            Telephone: (415) 576-0200
                                            Facsimile: (415) 576-0300

                                            Attorneys for Plaintiff
                                            LEVI STRAUSS & CO.

1

**DEMAND FOR JURY TRIAL**

2

Levi Strauss demands that this action be tried to a jury.

3

4

DATED: June 30, 2014

Respectfully submitted,

5

6

By:  /s/ *Gia L. Cincone*

7

Gia L. Cincone
KILPATRICK TOWNSEND & STOCKTON LLP

8

Two Embarcadero Center, Eighth Floor
San Francisco, California  94111
Telephone: (415) 576-0200

9

Facsimile: (415) 576-0300

10

Attorneys for Plaintiff
LEVI STRAUSS & CO.

11

66364445v1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28